UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| 910 E MAIN LLC D/B/A QUARTER TAVERN; BUBBA'S SALOON, LLC; CJD III LLC D/B/A TWISTED TAVERN; DOUG MCCARTHY ENTERPRISES INC. D/B/A 501; EMERALD BILLIARDS, L.L.C.; MULLIGAN'S ON THE TECHE, L.L.C. D/B/A CANTINA'S DOWNTOWN; MY PLACE BAR & GRILL, L.L.C.; NAPOLEONS ON THE TECHE, LLC; POOL DO'S SPORTS BAR LLP; SOCO SPORTS BAR, LLC; YED ENTERPRISES LLC D/B/A DEWEY'S LOUNGE | § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-00965<br><br>DISTRICT JUDGE ROBERT R. SUMMERHAYS<br><br><br>MAGISTRATE JUDGE PATRICK J. HANNA |
| VERSUS | § § | JURY DEMAND |
| JOHN BEL EDWARDS, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF LOUISIANA; AND H. "BUTCH" BROWNING, JR., IN HIS OFFICIAL CAPACITY AS FIRE MARSHAL OF THE STATE OF LOUISIANA | § § § § § § | |

## BRIEF AMICUS CURIAE

MAY IT PLEASE THE COURT:

### INTRODUCTION

This Amicus is offered on behalf of duly elected members of the legislature of the State of Louisiana.[1] The Governor of the State of Louisiana, purporting to act under the Louisiana Emergency Assistance and Disaster Act, issued a Proclamation amending a pre-existing order to address the COVID-19 Pandemic. In this, the Governor has exceeded his authority by issuing an

---

[1] Said legislators are Alan Seabaugh, Blake Miguez, Raymond Crews, Danny McCormick, Charles Owen, Joseph Orgeron, Dodie Horton, Julie Emerson, Phillip DeVillier, Rodney Schamerhorn, Mark Wright, Bob Owen, Larry Frieman, Beryl Amadee, Jonathan Goudeau, Kathy Edmonston, Phillip Tarver, Paul Hollis, Richard Nelson, Michael Echols, Ryan Bourriaque, Sherman Mack, Ray Garofalo, Jr. and Rick Edmonds, and Senators Robert Mills, Bob Hensgens, Heather Cloud and Mike Fesi ("Legislators").

1

emergency proclamation which violates the most fundamental concept of American government, the separation of powers.[2] Moreover, the proclamation flies in the face of the express legislative grant of authority to issue emergency proclamations because it infringes upon the rights and privileges of the citizens of this state as guaranteed by the State and Federal Constitutions *even though the legislature has specifically said that no Proclamation issued shall diminish the rights guaranteed to all persons under the Declaration of Rights of the Louisiana Constitution or the Bill of Rights of the United States Constitution.*

## BACKGROUND

Governor John Bel Edwards issued a proclamation on July 11, 2020 (89 JBE 2020) issuing a statewide mask mandate, limiting gatherings to fifty (50) people and limiting service in "bars." The proclamation mandates that every individual shall wear a mask covering over the nose and mouth when inside a commercial establishment or any other building or space open to the public whether indoors or outdoors. It contains a number of exemptions of both persons and circumstances which would otherwise be subject to the mask mandate. The proclamation purports to require both compliance and enforcement by commercial establishments under threat of <u>the business</u> (not the patron) being issued a citation for failure to enforce the mandates, nor does the proclamation specify who or what entity is empowered to issue the citation (or the reason for the citation). The effect of the citation is nowhere to be found in the proclamation nor is the legal basis for requiring the business to enforce the proclamation against individuals. The citations are to be written "only to businesses or organizations . . . . that fail to enforce the requirement." The

---

[2] This Amicus will not address all the fatal issues presented by the Governor's Proclamation, such as the inability of the public to know when the vague requirements of the Proclamation are being violated, the lack of any factual justification recited within the Proclamation for the invocation of the emergency powers, the unconstitutionally vague descriptions of where the mandate must be observed, who among the public are exempt, or the very real issue of the taking which occurs as a result of the Proclamation, to name but a few.  Many of these are addressed by the Opinion of the Attorney General of Louisiana, dated July 15, 2020, (#20-0068), that the Proclamation is unconstitutional and illegal.  Instead, this brief will focus on the issues of interest to Amici, who are members of the Louisiana Legislature.

"requirement" is not defined with sufficient specificity to allow the businesses in question to know when a violation occurs and consequently when the business in question is required to issue the citation. The proclamation also provides that "law enforcement personnel may enforce trespassing laws or any other laws the patron, employee, or customer may violate."

## **THE LAW**

Under the Louisiana Constitution, unless the constitution expressly grants an enumerated legislative power to the executive or the legislature has enacted a statute expressly authorizing another branch to exercise this power, the executive does not have the power to perform a legislative function. LSA-Const. Art. 2, Section 2, Art. 3, Section 1(A). Unlike the federal constitution, this state's constitutional provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people of a state exercised through its legislature. Therefore, the determination and definition of acts which are punishable as crimes are purely legislative functions. LSA-Const. Art. 3, Section 1(A). If the legislature has not spoken to the grant to the executive of the power to take acts enumerated within the legislative power, then the silence must be understood as denying the executive such authority. The delegation of legislative authority to the executive branch must be expressly and plainly given.

> LSA-CONST. ART. 2, Section 2. Limitations on Each Branch.
>
> Section 2. Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.

The exercise attempted by the Governor in this case is purportedly based on the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La. R.S. 29:721, *et seq*. While this delegation of the legislative power to the executive may under some circumstances be permissible, it is severely limited. In State v. Miller, 857 So.2d 423 (La. 2003), the Court held

3

that the actions taken by a sheriff in declaring certain items contraband and therefore impermissible in a parish prison were unconstitutional because the statute prohibiting the introduction of contraband did not expressly grant to the warden of the facility the power to determine what falls within the definition of contraband.

Here, the statute enumerates certain steps the Governor may take in the event of an emergency, but, insofar as penalties for violation of the order under the statute, provides that "in the event of an emergency declared by the governor pursuant to this chapter, any person . . . . violating any order . . . . pursuant to this chapter, shall be fined not more than $500 or confined in the parish jail for not more than six (6) months, or both. ***No executive order, proclamation, or regulation shall create or define a crime or fixed penalties***." LSA-R.S.29:724 E (emphasis supplied). Further, legislature has specifically said that no order of the governor may create a crime or fix a penalty, this being a legislative function. Because this order does just that, creates a crime (albeit an amorphous one) and creates a penalty (it cannot be said that any penalty is "fixed" because the order is so vague) in the mask mandate and in the threat of closure, the order is *ultra vires* and violates the state constitutional provisions cited above.[3]

Indeed, the law of Louisiana is that the Governor as the chief executive officer of the state has a duty to see that all the laws of the state and the United States are faithfully executed, but not to expand those laws, which is solely the province of the legislature (see Louisiana Department of Justice v. Edwards, No. 2017-CA-0173, La. App. First Circuit, 2017).

The legislature, being mindful of the limitations on the powers of the Governor and the separation of powers mandated by the constitution, in fact provided:

---

[3] See also Krielow v. La. Dept. of Agriculture, Nos. 2013–CA–1106, 2013–CA–1448, 125 So.3d 384 (La. 10/15/13).

> D. Nothing in this Chapter shall be interpreted to diminish the rights guaranteed to all persons under the Declaration of Rights of the Louisiana Constitution or the Bill of Rights of the United States Constitution. This Chapter shall not violate Article II (Distribution of Powers), Article III (Legislative Branch), or Article V (Judicial Branch) of the Louisiana Constitution. The courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights. The orders of all courts shall have their full force and effect. The legislature may call itself into session at any time and shall exercise its powers and duties. Its ability to enact law, appropriate funds, and confirm appointees shall be in full force. The privileges and immunities of legislators shall be respected.

LSA-R.S. 29:736.

Nothing the Governor can do by Emergency Order can "diminish the rights guaranteed to all persons under the Declaration of Rights of the Louisiana Constitution or the Bill of Rights of the United States Constitution", yet that is precisely what this Order does, in enacting penalties which are unspecified, requiring business owners to enforce vague and poorly defined (when defined at all) prohibitions, taking property in the form of lost business and reputation in the shutdown of some business over violations of the order, or, in the case of bars, shutting them down outright, and denial of rights without due process of law.[4]

Your amici filed a very similar amicus brief in the action brought by other bar owners against the same defendant in the Eastern District of Louisiana, *4 Aces Enterprises LLC d/b/a 4 Aces Lounge, et al v. John Bel Edwards, in his Official Capacity as Governor of the State of Louisiana, et al*, Civil Action No. 2:20-CV-02150, US District Court, Eastern District of Louisiana. The defendants there, who are the same defendants in this matter, filed a response to the brief amicus curiae, a copy of which response is attached as Exhibit A for the Court's convenience.

---

[4] This last argument, articulated at some length in the Attorney General's opinion cited above, is particularly important in that it most directly implicates rights guaranteed under both the federal and state constitution.

5

Most of the response does not warrant a reply.[5] One particularly does. The misleading arguments of the defendants all suggest the position of amici is that the Defendants violated state law by exceeding the authority granted to the Governor under LSA-R.S. 29:721 et seq. While it is undoubtedly true that the Governor did violate the statute, he did so by violating the statute's express admonition that:

> Nothing in this Chapter shall be interpreted to diminish the rights guaranteed to all persons under the Declaration of Rights of the Louisiana Constitution or the Bill of Rights of the United States Constitution. This Chapter shall not violate Article II (Distribution of Powers), Article III (Legislative Branch), or Article V (Judicial Branch) of the Louisiana Constitution.

LSA-R.S. 29:736 (D).

Rather cynically, the defendants argue that "[t]his provision cannot reasonably be read to prohibit proclamations that encroach, to the smallest extent, on constitutional rights because other provisions of the same Act 'diminish' constitutional rights." Defendants' Response, p. 3-4. In other words, Defendants argue when the Legislature authorizes the Governor to take actions which diminish constitutional rights of the people, it is perfectly permissible for the Governor to further diminish those rights through an "Emergency Proclamation".

This is exactly the point: the Governor has *only* those *limited* powers granted to him under the statute by the legislature, which are *expressly* circumscribed by the admonition that "[n]othing in this Chapter shall be interpreted to diminish the rights guaranteed to all persons under the Declaration of Rights of the Louisiana Constitution or the Bill of Rights of the United States Constitution." That admonition, even though contained in the statute, is hardly necessary. It should not be necessary to say "Thou shalt not violate the constitutionally guaranteed rights of the citizens

---

[5] The points raised are a) the amicus is filed the day before the hearing; b) it is filed on behalf of only twenty-five of 144 legislators; c) the legislators raise new issues not raised by the plaintiffs; d) under the 11th amendment no suit for injunctive relieve lies for violation of state law. These points are but a smoke screen; the real issue is whether the Governor's proclamation *violates the federal and state constitution*, as argued herein.

6

by Emergency Declaration." For the Defendants to argue that because this prohibition is contained in the statute and therefore is the basis of amici's concerns is simply misleading. While obviously violations of the statute are of concern, it is because those violations impinge upon the constitutionally established separation of powers that these Legislators appear in this memorandum.

Moreover, it ignores the fact that the Governor has certain *limited, express* grants of authority in the case of an emergency, which are themselves *granted to him by the lawmaking arm of the government, i.e., the Legislature*, and further ignores that the statute specifically states that "No executive order, proclamation, or regulation shall create or define a crime or fix penalties." R.S. 29:724 E. The Governor can make no laws. That is the issue here.

## **CONCLUSION**

"In a constitutional form of government based upon the rule of law, public officials like all other citizens, must obey the law." City of Alexandria ex rel Snyder v. Lanier, 446 So.2d 547, 550 (La. App. 3d Cir. 1984). Here, Title 29 Chapter 6 of the Louisiana Revised Statutes in no way grants and in fact specifically denies the Governor the authority to issue a mandate having the force and effect of law. And under Louisiana's constitutional form of government, the Governor cannot unilaterally pass and enforce laws in the name of "emergency measures".

Indeed, this case is vitally important to the citizens of this state. The raw usurpation of powers by the Governor, the trespass into the legislative and the judicial arenas, should concern every citizen who enjoys the protection of Due Process and the rule of law. To permit Governor Edwards to legislate, to fix penalties, and to decide when to impose those penalties lies at the heart of the very real national concern over the disappearance of liberties under cover of a "national emergency". It is the province, and the duty, of the Courts to prevent this. Of particular interest

to this Court's amici is the intrusion by the Governor on the legislative process and the usurpation of the powers reserved by the Louisiana Constitution exclusively for the legislative branch of this government. These powers were delegated in a very limited fashion to the Governor with the strict prohibition that the governor could not under the guise of an executive order enact laws or penalties. That is precisely what he has done here. As such, the executive order is on its face ultra vires and unconstitutional as violative of the Louisiana and Federal Constitution.

For the reasons set forth herein, Amici respectfully pray that the Injunctive Relief be **GRANTED**.

Respectfully submitted by:

LANGLEY & PARKS, LLC

By: s / *Glenn L. Langley*
    Glenn L. Langley, Bar Roll No. 8019

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

***Attorney for Legislators***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Amicus Brief has been served on each party through the ECF online filing system on this 14th day of August, 2020 at Shreveport, Louisiana.

                                                       s / *Glenn L. Langley*
                                               OF COUNSEL