UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA --- LAFAYETTE DIVSION

| | | |
|---|---|---|
| 910 E. MAIN LLC, D/B/A QURATER TAVERN, ET AL., | * | CASE NO. 2:20-CV-00965 |
| Plaintiffs, | * | District Judge: Robert R. Summerhays |
| VERSUS | * | Magistrate Judge Patrick Hanna |
| GOVERNOR JOHN BEL EDWARDS, ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' RESPONSE TO AMICUS CURIAE

**May It Please the Court:**

Defendants, John Bel Edwards, in his official capacity as Governor of the State of Louisiana, and H. "Butch" Browning, Jr., in his official capacity as Fire Marshal of the State of Louisiana (collectively, "Defendants"), submit this brief response to the Amicus Curiae filed by sixteen legislators in the Louisiana Legislature (the "Legislators"):

There are 144 legislators in the Legislature. Twenty-five of them (17.3%) filed an Amicus Curiae brief that argues that an Emergency Proclamation (89 JBE 2020) issued by the Governor pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act (the "LHSEADA") "is ultra vires and unconstitutional as violative of the Louisiana and Federal Constitution."[1]  For several reasons, this Court should disregard the Legislators' arguments.

First, the Legislators have improperly raised entirely new issues the ***day before*** this Court's scheduled hearing on Plaintiffs' request for an injunction.  Plaintiffs seek an injunction based solely on an alleged violation of the "Due Process and Equal Protection clauses of the U.S.

---

[1] *See* Amicus Curiae brief, pp. 1, 6 [Doc.

Constitution."[2]  And Plaintiffs do not allege that, by issuing 89 JBE 2020, the Governor exceeded his authority under the LHSEADA.[3]  The Legislators, by contrast, allege that the Governor "exceed his authority [under the LHSEADA] by issuing an emergency proclamation which violates the fundamental concept of American government, the separation of powers."[4]

Further, the Legislators contend that the Governor improperly "issu[ed] a statewide mask mandate, limit[ed] gatherings to fifty people and limit[ed] service in bars."[5]  Indeed, most of the Legislators' brief is focused on the mask mandate.  However, Plaintiffs have not asserted that the mask mandate or limitation on gatherings in 89 JBE 2020 are unconstitutional.  Instead, they assert only that the prohibition of onsite consumption at bars is unconstitutional.[6]  Because the Legislators are raising issues that have not been put before this Court by any of the parties, their Amicus brief improperly seeks to expand the litigation between the parties and can be ignored.

Second, the Legislators contend that the LHSEADA (La. R.S. § 29:721, *et seq.*) did not authorize the Governor to issue 89 JBE 2020 and that the Governor issued that Emergency Proclamation in violation of "state constitutional provisions."[7]  Under the Eleventh Amendment, however, a plaintiff can only file suit in federal court seeking prospective, injunctive relief against state officials for "violations of federal law."[8]  A plaintiff cannot seek injunctive relief in federal court against a state official for an alleged violation of state law.[9]  Thus, Plaintiffs could not seek

---

[2] *See* Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction (the "Memorandum"), p. 1 [Doc. 6-1].
[3] *See generally* Complaint for Declaratory Judgment and Injunctive Relief [Doc. 1].
[4] *See* Amicus Curiae brief, p. 2.
[5] *See id.*
[6] *See* Complaint for Declaratory Judgment and Injunctive Relief, pp. 6-7 [Doc. 1].
[7] *See* Amicus Curiae brief, p. 4.
[8] *Timpanogos Tribe v. Conway*, 286 F. 3d 1195, 1205 (10th Cir. 2002) (citing *Ex Parte Young,* 209 U.S. 123, 159-160 (1908)).
[9] *See Nat'l Assoc. of the Deaf v. Florida,* 945 F. 4d 1339, 1351 (11th Cir. 2020), *citing Pennhurst State Sch. & Hospital v. Halderman,* 465 U.S. 89, 106, 104 S.Ct. 900, 911 (1984).

(and have not sought) injunctive relief in this Court for an alleged violation of the LHSEADA or the Louisiana Constitution.

In any event, there is no substantive merit to the Legislators' argument that the Governor exceeded his authority under the LHSEAD or violated the Louisiana Constitution in issuing 89 JBE 2020. The "Louisiana Legislature has conferred significant power to the executive branch of the state to regulate communicable diseases."[10] Part of that power stems from the Legislature's enactment of the LHSEADA, which empowered the "governor with the primary responsibility of effecting [the LHSEADA's] provisions by executive order, proclamation, or regulation."[11]

The LHSEADA "establishes a governmental policy warranting the exercise of the State's police power to respond and protect the lives" of its people during an emergency.[12] Emergency proclamations issued by the Governor pursuant to the LHSEADA, such as 89 JBE 2020, have the "force and effect of law."[13] As part of the Governor's power during an emergency, he can, among other things, "direct and compel the evacuation of an area" and "control ingress and egress to and from" certain areas.[14]

The powers granted to the Governor in LHSEADA directly undercut the Legislators' reliance on La. R.S. §29:736, which provides that nothing in the statute can "diminish the rights guaranteed to all persons" in the state and federal constitutions.[15] This provision cannot reasonably be read to prohibit proclamations that encroach, to the smallest extent, on constitutional

---

[10] *See* Thomas D. Kimball, "*The Contagion of Governmental Leadership: A Renewed Call for Increased Federal Presence in Communicable Disease Emergencies*," 62 LOY. L. REV. 113, 117 (Spring, 2016).

[11] *See* Matthew S. Belser, "*Martial Law After the Storm*," 35 S.U.L. Rev. 147, 209 (Fall, 2007).

[12] *State v. Pearson,* No. 07-332 (La. App. 5 Cir. 12/27/2007), 975 So. 2d 646, 652.

[13] *City of Baton Rouge,* 970 So. 2d 985, 993 (La. App. 1 Cir. 9/14/2007).

[14] *See* §29:724.

[15] *See* Amicus Curiae Brief, p. 5.

rights because other provisions in the same Act "diminish" constitutional rights. *See, e.g.,* ; La. R.S. § 730(H) (allowing taking of standing timber for certain purposes without compensation). The Legislators' brief never reconciles La. R.S. § 29:730(H) with their attempt to argue that 89 JBE 2020 somehow violates La. R.S. § 29:736. And while they contend that the "Governor can make no laws," they never address decisions from Louisiana courts that emergency proclamations have the "force and effect of law."[16]

In sum, 89 JBE 2020 and the Governor's other pandemic proclamations are fully and directly authorized by the LHSEADA. Upon the emergence of COVID-19, the Governor declared a public health emergency.[17] Under the LHSEADA, this declared emergency authorizes the Governor to issue emergency proclamations, including 89 JBE 2020. Indeed, this Proclamation is designed to stop the spread of a deadly virus and protect the lives of Louisiana residents—precisely the type of order that the LHSEADA contemplates will be issued by a governor in an emergency, especially with the unprecedented threat posed by COVID-19.[18]

For the foregoing reasons, then, Defendants requests that this Court reject the arguments belatedly raised by the Legislators as *amici* and deny Plaintiffs' request for an injunction.

---

[16] *City of Baton Rouge,* 970 So. 2d at 993.
[17] 25 JBE 202, § 1.
[18] *See City of Baton Rouge,* 970 So. 2d at 993 (upholding an order that required a parish to house sex offenders during a state of emergency so that those offenders are not mixed with the rest of the population in evacuation shelters).

Respectfully submitted,

/s/ James M. Garner

| | |
|---|---|
| JACK M. WEISS (# 13340) | JAMES M. GARNER (# 19589), T.A. |
| Attorney at Law | DARNELL BLUDWORTH (# 18801) |
| 5938 Laurel Street | JOSHUA S. FORCE (# 21975) |
| New Orleans, LA 70115 | CHRISTOPHER T. CHOCHELES (# 26848) |
| Telephone/Facsimile: (504) 267-0637 | JOSIE N. SERIGNE (# 38588) |
| Email: jack1656@gmail.com | **SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.** |
| MATTHEW F. BLOCK (# 25577) | 909 Poydras Street, 28th Floor |
| Executive Counsel | New Orleans, Louisiana 70112-1033 |
| Office of the Governor | Telephone: (504) 299-2100 |
| Louisiana State Capitol | Facsimile: (504) 299-2300 |
| 4th Floor | Email: jgarner@shergarner.com |
| Baton Rouge, Louisiana 70804 | dlbudworth@shergarner.com |
| Telephone: (225)342-7015 | jforce@shergarner.com |
| Email: matthew.block@la.gov | cchocheles@shergarner.com |
| | jserigne@shergarner.com |

**ATTORNEYS FOR DEFENDANTS**
**GOVERNOR JOHN BEL EDWARDS AND H. BUTCH BROWNING, JR.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2020, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ James M. Garner
James M. Garner