UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

910 E. MAIN LLC d/b/a                    CIVIL ACTION NO. 6:20-cv-00965
QUARTER TAVERN, ET AL.

VERSUS                                   JUDGE SUMMERHAYS

GOVERNOR JOHN BEL EDWARDS,                MAGISTRATE JUDGE HANNA
ET AL.

## MEMORANDUM RULING

Currently pending is the motion for new trial and/or for reconsideration of this Court's order allowing the plaintiffs to file a second amended complaint (Rec. Doc. 69), which was filed by the defendants, Louisiana Governor John Bel Edwards and Louisiana Fire Marshal H. "Butch" Browning, Jr.  CJD III LLC is the single plaintiff remaining in this lawsuit, and it did not oppose the motion.  For the following reasons, the motion is denied.

## Background

The seventeen original plaintiffs in this lawsuit were bar owners who sued Louisiana's governor and fire marshal, objecting to the governor's emergency proclamations regarding Covid-19.  The suit was filed in July 2020.  In December 2020, the defendants filed a motion to dismiss,[1] which has not yet been decided.  In

---

[1]      Rec. Doc. 60.

January 2021, the plaintiffs filed a motion for leave to file their second amended complaint,[2] which this Court granted.[3]  In support of the motion to amend, the plaintiffs stated that the second amended complaint would withdraw the plaintiffs' damages claims and related claims for declaratory relief, that the surviving claims were on appeal, and that the plaintiffs had filed their state-law damages claims in state court.[4]  When the motion for leave was filed, the plaintiffs had presented the proposed amended complaint to the defendants and had asked the defendants for consent to file the amended complaint, but the defendants had neither consented to nor expressed any opposition to the filing of the proposed second amended complaint.[5]  Subsequently, sixteen of the original plaintiffs voluntarily dismissed their claims, leaving CJD III LLC as the sole plaintiff.

## Law and Analysis

### A.    Motion for New Trial

A motion for new trial under Fed. R. Civ. P. 59(a) is appropriate for cases that have been tried to a jury or to the court.  But there was no trial on the subject motion

---

[2]      Rec. Doc. 64.

[3]      Rec. Doc. 67.

[4]      Rec. Doc. 64-1 at 1-2.  The appeal was resolved.  A mandate (Rec. Doc. 76) was issued by the Fifth Circuit on February 4, 2021.

[5]      Rec. Doc. 64 at 1.

for leave to amend the complaint.  Instead, this Court resolved the plaintiffs' motion by way of an order without a trial or oral argument.  Therefore, a motion for new trial is not the correct procedural vehicle for seeking review of this Court's ruling allowing the second amended complaint.[6]  Accordingly, to the extent that the defendants are seeking a new trial, their motion will be denied.

## B.    **Motion for Reconsideration**

The plaintiffs alternatively styled their motion as a motion for reconsideration of this Court's ruling.  While the Federal Rules of Civil Procedure do not recognize a motion for reconsideration,[7] such a motion may be treated as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b)[8] when a final judgment is at issue.[9]  When a party seeks reconsideration of an order that adjudicates fewer than all the claims among all of the parties, however, Rule

---

[6]     See, e.g., *Montgomery v. Wells Fargo Bank, N.A.*, No. 3:10-CV-1684-D, 2011 WL 1870279, at *1 (N.D. Tex. May 16, 2011), aff'd, 459 F. App'x 424 (5th Cir. 2012) (when reexamining a summary judgment ruling, the "motion is not properly considered a motion for 'new trial' because there was no trial"); see, also, *Jones v. W. Geophysical Co. of Am.*, 669 F.2d 280, 282 n.1 (5th Cir. 1982) (motion for reexamination of an order disposing of an action prior to trial was presumed to be a motion for reconsideration rather than a motion for new trial).

[7]     *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

[8]     *Teal v. Eagle Fleet, Inc.*, 933 F.2d at 347.

[9]     See *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). See, also, *Cormier v. Turnkey Cleaning Servs., L.L.C.*, 295 F.Supp.3d 7117, 719 (W.D. La. 2017).

54(b) controls.[10]  Here, this Court's order granting leave to amend the complaint[11] is not a final judgment, but rather is an interlocutory order that addresses fewer than all the claims asserted in the suit.  Consequently, Rule 54(b) governs.

Rule 54(b) states that an order adjudicating fewer than all the claims among all the parties may be revised at any time before the entry of a final judgment.  Under this rule, a district court has the inherent power to reconsider, rescind, or modify an interlocutory order.[12]  A "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[13]  The court has broad discretion to modify an order pursuant to Rule 54(b), but should exercise its discretion "sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[14]

---

[10]    See *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *Iturralde v. Shaw Group, Inc*., 512 Fed. App'x 430, 432 (5th Cir. 2013).

[11]    Rec. Doc. 67.

[12]    *Iturralde v. Shaw Group, Inc*., 512 Fed. App'x at 432 (quoting *Melancon v. Texaco, Inc*., 659 F.2d 551, 553 (5th Cir. 1981)).

[13]    *Austin v. Kroger Texas, L.P.*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

[14]    *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc*., 921 F.Supp.2d 548, 564-65 (E.D. La. 2013).  See, also, *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004).

Although courts evaluate motions to reconsider interlocutory orders under a less exacting standard than that used in evaluating Rule 59(e) motions, courts nevertheless look to similar considerations for guidance.[15]  Therefore, in determining whether to grant such a motion, a court should evaluate whether there are manifest errors of law or fact upon which the judgment was based, whether new evidence is available, whether there is a need to prevent manifest injustice, or whether there has been an intervening change in controlling law.[16]  While Rule 54(b) is more flexible,[17] it is not a vehicle for rehashing evidence, legal theories, or arguments.[18]  Similarly, reconsideration is generally not available to raise arguments that could, and should have been made earlier.[19]  Rulings should only be reconsidered when the moving party has presented substantial reasons for doing so.[20]

---

[15]   *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp*., 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

[16]   *B.A. Kelly Land Co., LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 6542407, at *3 (W.D. La. Dec. 4, 2019).  See, also, *Templet v. HydroChem Inc*., 367 F.3d at 479; *In re Benjamin Moore & Co*., 318 F.3d 626, 629 (5th Cir. 2002).

[17]   *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017)).

[18]   *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc*., 921 F. Supp.2d 548, 565 (E.D. La. 2013); *Templet v. HydroChem Inc*., 367 F.3d at 479.

[19]   *Simon v. United States*, 891 F.2d at 159.

[20]   *Magee v. BPX Properties (N.A.), L.P*., No. 15-2097, 2019 WL 5957246, at *1 (W.D. La. Nov. 12, 2019); *Louisiana v. Sprint Communications Co*., 899 F. Supp. 282, 284 (M.D. La. 1995).

The defendants' motion did not identify any errors of law or fact underlying this Court's ruling, did not identify any new evidence, and did not identify a change in controlling law.  Instead, the defendants argued that allowing the plaintiffs to withdraw some of their claims would prejudice the defendants primarily because they expect the district court to rule favorably on their pending motion to dismiss. However, the defendants did not argue that manifest injustice would result if the complaint was amended, and no extraordinary circumstances were brought to light. Furthermore, the defendants' argument could have – and should have – been articulated in opposition to the motion for leave, but no argument in opposition to the motion for leave was made known to the plaintiffs before the proposed second amended complaint was filed.  More important, this Court finds that the motion for leave to amend was properly granted.

## C.    Analysis of the Motion for Leave to Amend

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Generally, the language of the rule is liberal and "evinces a bias in favor of granting leave to amend."[21]  Whether to grant a motion to

---

[21]    *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004); *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002).

amend is entrusted to the district court's "sound discretion," [22] but the court must have a "substantial reason" to deny a request for leave to amend[23] such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility.[24]

In this case, the plaintiffs explained that they gave the defendants an opportunity to review the proposed second amended complaint before it was filed.[25] The plaintiffs then "made multiple attempts to confer with" the defendants.[26] However, at the time the motion for leave to file the second amended complaint was filed, the defendants had neither indicated that they had no opposition to the motion nor had they indicated that they opposed the filing of the second amended complaint.[27]  Thus, this Court was presented with no substantial reason for denying the motion for leave.  Certainly, this Court had no basis on which to conclude that the defendants might be prejudiced by the proposed amended complaint, as they now

---

[22]     *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d at 286.

[23]     *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018); *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

[24]     *Brown v. Taylor*, 911 F.3d at 246; *North Cypress Medical Center Operating Company, Limited v. Aetna Life Insurance Company*, 898 F.3d 461, 477 (5th Cir. 2018).

[25]     Rec. Doc. 64 at 1.

[26]     Rec. Doc. 64 at 1.

[27]     Rec. Doc. 64 at 1.

argue.  Acting on the information before it at the time, this Court properly decided the motion and gave the plaintiffs leave to amend their complaint.

**D.**     **Appeal to the District Judge**

The defendants now wish for this Court to reconsider its ruling on the basis of arguments that were not presented before the ruling was issued.  This is the type of situation in which an appeal to the district court is the dissatisfied party's best recourse.  Indeed, in addition to filing the instant motion for reconsideration, the defendants also filed an appeal of this Court's decision on the motion for leave to amend.[28]  Under 28 U.S.C. § 636(b)(1)(A), a party may request that the district court reconsider a magistrate judge's order determining a nondispositive motion if the party shows that the order is "clearly erroneous or contrary to law."  The district court is in the best position to review and evaluate the arguments made by the defendants in support of their motion.  Indeed, those same arguments were reiterated in support of their appeal to the district court.  Accordingly, this Court finds that the appeal should move forward.

**Conclusion**

For the foregoing reasons,

---

[28]     Rec. Doc. 70.

IT IS ORDERED the motion for new trial and/or reconsideration of this Court's order allowing the plaintiffs to file their second amended complaint (Rec. Doc. 69) is DENIED.

Signed at Lafayette, Louisiana, this 1st day of March 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

9